*324 STEPHEN A. HIGGINSON, Circuit Judge,
concurring:
I join Judge Prado’s opinion and write separately only to suggest that we may be interpreting Section 3663A(b)(4) too broadly- ' ■
As always, statutory interpretation begins “with the plain language and structure of the statute.” Coserv Ltd. Liab. Corp. v. Sw. Bell Tel. Co., 350 F.3d 482, 486 (5th Cir. 2003). I agree with the D.C. Circuit’s persuasive interpretation of the statutory terms “participation” and “necessary” in Papagno, see 639 F.3d at 1098-1101, and specifically, that “participating” in a government investigation does not embrace an internal investigation, “at least one that has not been required or requested by criminal investigators or prosecutors.” Id. at 1098-99.
I think three additional points support the D.C. Circuit’s narrow reading of the statute. First, the noscitur a sociis canon of statutory interpretation suggests a narrow reading of the phrase “participation in the investigation ... of the offense.” The noscitur a sociis canon provides that “a word is known by the company it keeps[.]” Yates v. United States, — U.S. -, 135 S.Ct. 1074, 1085, 191 L.Ed.2d 64 (2015); see also United States v. Williams, 553 U.S. 285, 294, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). Section 3663A(b)(4) contains a list enumerating the types of conduct allowing for reimbursement. It provides that reimbursement is available for certain expenses “incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.” 18 U.S.C. § 3663A. The statute therefore allows reimbursement for expenses incurred in the course of three types of conduct: (1) participation in the investigation of the offense, (2) participation in, the prosecution of the offense, and (3) attendance at proceedings related to the offense. Both participation in the prosecution of the offense and attendance at proceedings related to the offense must take place within the context of the government’s criminal enforcement. The question is whether participation in the investigation of the offense is also limited to the government’s criminal enforcement. The noscitur a sociis canon suggests to me that it is.
Second, a broad reading of Section 3663A(b)(4) is difficult to administer. Indeed, the courts that read Section 3663A(b)(4) to allow recovery of fees incurred during an internal investigation are divided over what, if anything, limits the reach of “other expenses.” For example, the Ninth Circuit allows recovery for “investigation costs—including attorneys’ fees—incurred by private parties as a ‘direct and foreseeable result’ of the defendant’s wrongful conduct.” United States v. Gordon, 393 F.3d 1044, 1057 (9th Cir. 2004). The Second Circuit has questioned this approach, noting that the statute “seems to focus more on the link between these expenses and the victim’s participation in the investigation and prosecution than on the offense itself.” Amato, 540 F.3d at 162.
Even if agreement could be reached on a limiting principle in theory, a broad view of Section 3663A(b)(4) requires district courts to undertake difficult analyses to determine which investigation costs were “necessary” to “the investigation.” See, e.g., United States v. Waknine, 543 F.3d 546, 559 (9th Cir. 2008) (remanding a case to the district court to consider more thoroughly whether investigation expenses were reasonably necessary). I do not envy district courts faced with this task. To begin, it will often be difficult to determine the scope of “the investigation.” For example, imagine that a hospital discovers that its drug inventory is vanishing. Hoping to *325 prevent further losses, the hospital launches a full internal investigation. During the course of the hospital’s investigation, it discovers that an employee is stealing drugs. The hospital fires the employee and turns over the evidence it uncovered to the federal prosecutors. The prosecutors had never heard of the employee before and had not been investigating the theft. Nonetheless, charges are eventually brought and the employee is convicted of possession with intent to distribute narcotics. The hospital seeks restitution for its investigation costs. Did the hospital participate in the investigation even though the federal prosecutors were not investigating at all when the hospital conducted its internal investigation? And the hypotheticals can get more difficult. Imagine that, unbeknownst to the hospital, federal prosecutors were investigating a string of drug sales at the time the hospital’s internal investigation began. However, the prosecutors still had no reason to suspect the employee of being the drug supplier, and accordingly, had no reason to subpoena the hospital to aid in the investigation. Nonetheless, when the hospital turns over the results of its internal investigation, the prosecutors realize that they can link the employee’s thefts to the string of drug sales. The employee is prosecuted for and convicted of drug sales. Can the hospital recover its investigátion- costs because it provided key evidence to an ongoing investigation even though it was never asked to do so? One more example. Imagine that the hospital has insurance that covers employee theft. The hospital’s legal department drafts and files a claim with its insurance provider to recover the value of the stolen drugs. At the employee’s trial, the government introduces the claim form as evidence of the breadth of the drug conspiracy. Can the hospital recover the entire cost of filing the insurance claim? .
And even if the district judge can determine the scope of the investigation, he or she still must determine which expenses were “necessary.” I recognize that this question is more familiar to district courts, who are often tasked with calculating attorneys’ fees. But familiarity .does not make the task easier. See, e.g., Court Awarded Attorney Fees: Report of the Third Circuit Task Force, 108 F.R.D. 237, 262 (1986) .(“[District judges find it difficult, indeed, in most instances, impossible, to police [hours and rates of attorneys] by looking, over the shoulders of lawyers to monitor the way they handle them cases. To impose that obligation on the Bench ⅛ unrealistic, unduly time-consuming, and typically will amount to little more than an exercise in hindsight.”); Hon. John F, Grady, Reasonable Fees: A Suggested Value-Based Analysis for Judges, 184 F.R.D. 131, 131 (1999) (“Most federal district judges would agree that the determination of reasonable attorneys’ fees is among the most challenging tasks they are called upon, to perform.”). Moreover, I think, that the necessity inquiry is likely to be even more difficult than usual in the context of Section 3663(A)(b)(4). Usually, a district judge evaluating a fee request has overseen the entirety of the litigation subject to the dispute and therefore can decide on their own experience which expenses were reasonable and necessary. Not so under a broad reading of Section 3663(A)(b)(4). Instead, the district court will have only seen the criminal prosecution that ends the Government’s investigation. Of course, Congress is free to require, and wise policy may dictate, that courts answer difficult questions. But I am uncomfortable requiring sentencing judges to undertake challenging restitution calculations when, in my view, the statute does not require the inquiry.
. Third, and finally, limiting the reach of Section 3663A(b)(4) does not prevent vie- *326 tims from fully recovering their losses. Preliminarily, there are a number of other more explicit and specific criminal restitution provisions that may allow for recovery. For example, Section 3663A(b)(l) allows for victims of property offenses to recover the value of their lost property. Likewise, in the context of identity theft crimes, Congress allows for victims to recover investigation costs unrelated to any government request. See Papagno, 639 F.3d at 1099-100; 18 U.S.C. § 3663(b)(6). And where criminal restitution statutes fall short, victims may bring their own civil actions to recover their losses.